PER CURIAM.
 

 The State Board of Administration (SBA) challenges an order compelling arbitration pursuant to a contingency fee agreement it entered into with Appellees (hereafter “the law firms”). SBA contends that the parties did not agree to arbitrate the law firms’ entitlement to compensation under the agreement. We agree and reverse.
 

 SBA employed Alliance Capital Management (Alliance) as an investment manager to invest the assets of the Florida Retirement System Trust Fund. After Alliance purchased Enron securities which resulted in losses to the Trust Fund, SBA retained the services of the law firms to prosecute its legal claims against Alliance. The parties entered into a contingency fee agreement which provided that the law firms’ compensation was “contingent upon a successful result against Alliance through either settlement or judgment.” The law firms’ compensation — which was defined in the agreement to include “fees, costs and expenses” — was to be paid “from the proceeds of a settlement or judgment in the Action in favor of [SBA],” with the costs and expenses paid from the gross proceeds and the attorney’s fees paid from the net proceeds after costs and expenses.
 

 The jury in the Alliance action found in favor of Alliance, and against SBA, on all claims, including Alliance’s counterclaim for unpaid management fees. A final judgment was entered against SBA awarding Alliance $1,113,445 on its counterclaim. After the jury returned its verdict, the law firms presented an invoice to SBA for their costs in the Alliance litigation. The law firms’ claim was premised on SBA having obtained a benefit from Alliance through an agreement that SBA negotiated with Alliance during trial without the knowledge of the law firms. The law firms claimed that, as a result of this agreement,
 
 [1]
 
 SBA recovered $1,113,445 plus statutory interest (for a total of $1,381,465) in “settlement proceeds” from which they were entitled to compensation under their
 
 *680
 
 agreement with SBA. SBA denied the law firms’ demand for payment, explaining that “[tjhere is nothing in ... our agreement that substantiates your
 
 entitlement
 
 to reimbursement of costs, expenses or time in light of the verdict reached in the case.” (emphasis added).
 

 Approximately five years later, the law firms initiated this action by filing a petition with the trial court to compel SBA to participate in arbitration or, alternatively, to pay damages for breach of contract based on SBA’s failure to pay the compensation owed to the law firms for the Alliance matter. The law firms also filed a separate motion to compel arbitration. SBA countered with a motion for summary judgment, arguing that arbitration was not required because the arbitration provision in the parties’ contingency fee agreement was binding only on the law firms and because the arbitration provision applied only to disputes over the amount of fee, not the law firms’ entitlement to a fee. SBA further argued that because it did not prevail in the underlying Alliance litigation, the law firms were not entitled to any compensation under the parties’ agreement.
 

 The trial court granted the law firms’ motion to compel arbitration. The court reasoned that, under the parties’ agreement, “any dispute over the amount of compensation due under the contract constitutes an arbitrable issue” and that an arbitrable issue exists between the parties because “SBA disputes that it owes any fee to [the law firms].”
 
 [2]
 
 The trial court rejected SBA’s argument that the arbitration provision was binding only on the law firms and that it could “opt out” of arbitration even if an arbitrable issue exists.
 
 [3]
 
 SBA timely appealed the trial court’s order to this court, as allowed by Florida Rule of Appellate Procedure 9.130(a)(3)(C)(iv).
 

 In ruling on a motion to compel arbitration, the trial court must consider “(1) whether a valid written agreement to arbitrate exists; (2) whether an arbitrable issue exists; and (3) whether the right to arbitrate was waived.”
 
 Seifert v. U.S. Home Corp.,
 
 750 So.2d 633, 636 (Fla.1999). The parties agree that only the second element is at issue in this case.
 

 The determination of whether a particular dispute is subject to arbitration is a matter of contract interpretation that is reviewed de novo.
 
 See O’Keefe Architects, Inc. v. CED Constr. Partners, Ltd.,
 
 944 So.2d 181, 185 (Fla.2006).
 

 Although public policy favors arbitration and all doubts as to the scope of an arbitration clause should be resolved in favor of arbitration,
 

 construction of an arbitration clause remains subject to the contract law requirement that the court discern the intent of the parties from the language used in their agreement. Arbitration is mandatory only where the subject matter of the controversy falls within what the parties have agreed will be submitted to arbitration. It is the language of the agreement that defines the scope of an arbitration agreement.
 

 
 *681
 

 Citigroup, Inc. v. Boles,
 
 914 So.2d 23, 25 (Fla. 4th DCA 2005) (internal citations and quotations omitted);
 
 see also O’Keefe,
 
 944 So.2d at 185 (“Arbitration clauses are creatures of contract. As a result, courts look to the intent of the parties as manifested in the contract to determine whether an arbitration clause compels arbitration of a particular dispute.”). Here, the arbitration clause is contained in Article 4(6) of the parties’ agreement, which provides:
 

 This Agreement is a contingency fee contract and is subject to the principle that it be commercially reasonable and that the fees provided for shall be commercially reasonable and be no more than the amount permissible pursuant to rule 4-1.5 of the rules regulating The Florida Bar and case law interpreting that rule.
 
 If the amount of the fee is disputed, the [law firms] shall participate in mandatory binding arbitration. ...
 
 (emphasis added).
 

 The plain language of this provision leaves no doubt as to the intended scope of the agreement to arbitrate; it reflects that the parties agreed to arbitrate only the
 
 amount
 
 of any
 
 fee
 
 owed to the law firms. Notably, this provision does not state that the parties agreed to arbitrate
 
 entitlement
 
 to a fee, nor does it state that the parties agreed to arbitrate disputes over the amount of
 
 compensation
 
 due to the law firms.
 
 Cf. Feldman v. Davis,
 
 53 So.3d 1132 (Fla. 4th DCA 2011) (reversing order compelling arbitration of dispute between attorney and client over attorney’s entitlement to fees because the parties’ contingent fee agreement did not require arbitration of “all fee disputes,” but rather narrowly limited arbitration to the amount of the “probable fee” due to the attorney upon discharge by the client).
 

 Entitlement to attorney’s fees is an entirely different issue than the amount of any fee due. Likewise, under the parties’ agreement, “compensation” encompasses more than attorney’s fees, such that a dispute over the amount of compensation is not necessarily the same as a dispute over the amount of fees. Accordingly, the trial court erred in construing the parties’ agreement to require arbitration of “any dispute over the amount of compensation due under the contract,” and it also erred in determining that the present dispute between the parties concerning entitlement to fees is arbitrable under the parties’ agreement.
 

 In sum, we have no trouble concluding that the trial court erred in ordering arbitration. The more difficult question is the proper remedy. SBA suggested at oral argument that we could determine as a matter of law that the law firms are not entitled to any compensation under the agreement because it is undisputed that the Alliance litigation resulted in a judgment
 
 against
 
 SBA. Although we are skeptical of the merits of the law firms’ claim for compensation, we decline SBA’s invitation to effectively take up and rule on its pending motion for summary judgment in this appeal of a non-final order compelling arbitration. The merits of the law firms’ complaint for damages is a matter for the trial court to consider in the first instance on remand.
 

 For these reasons, we reverse the trial court’s order compelling arbitration and remand for further proceedings on the law firms’ complaint for damages against SBA.
 

 REVERSED and REMANDED for further proceedings.
 

 PADOVANO, WETHERELL, and MARSTILLER, JJ., concur.
 

 [1]
 

 . The agreement provided in pertinent part that if the jury found Alliance not liable on any claim, neither party would seek to retry or appeal the case. Alliance also agreed, in such circumstance, that it would not tiy to recover its claim for unpaid management fees even if it won its counterclaim for management fees.
 

 [2]
 

 . Although not the basis of our decision, we note that the law firms' pleadings seem to establish that there is actually not a dispute over the amount of
 
 fees
 
 due under the parties’ agreement because, even if the law firms were correct that the agreement between SBA and Alliance resulted in SBA receiving "settlement proceeds” of $1,381,465, the law firms made a demand for their costs and expenses from those proceeds in that same amount, leaving $0 of net proceeds on which the law firms’ percentage-based contingent fee would be calculated.
 

 [3]
 

 . We also reject this argument.